IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF NEW MEXICO


RICHARD and VIOLET FLORES,

   Plaintiffs,

vs.

UNITED STATES OF AMERICA,

   Defendant.


COMPLAINT FOR DAMAGES FOR PERSONAL INJURY

AND FOR CONCEALMENT OF REQUESTED INFORMATION

COME NOW Plaintiffs, by and through counsel, and for their Complaint state:

1.  Plaintiffs are residents of Bernalillo County, State of New Mexico.

2.  Defendant, United States of America, in the form of the Department of Veterans' Affairs Medical Services (hereinafter, "VA"), is in effect a branch of the United States Government, headquartered in Washington, D.C.

- 1 -

JURISDICTION:

3.   The claims filed herein relate directly to an operation performed at the VA medical center (VAMC) located in Albuquerque, State of New Mexico.  The claim for medical injuries is brought pursuant to 28 U.S.C. Sections 1346(b) and 2671, *et seq.*, as to which federal jurisdiction is exclusive.  Jurisdiction is also pled pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. Section 552(a)(4)(B).

EXHAUSTION OF REMEDIES:

4.   This Claim has been properly presented to the appropriate federal agency (VA), and a six month right to sue letter has issued January 30, 2014.  The Plaintiffs have sought the administrative review provided by statute and their remedies have been exhausted; any further attempts at exhaustion would be futile.

5.   The United States of America is an appropriate Defendant as the acts complained of were negligent and/or erroneous actions of the VAMC in Albuquerque, New Mexico.

- 2 -

GENERAL AVERMENTS:

6.   At all times material hereto, Plaintiffs, husband and wife, were residents of Albuquerque, New Mexico. Richard Flores is a U.S. military veteran with a disability rating and eligibility for VA medical services.  He has been married to Violet Flores for over 40 years.

7.   In 2009 Mr. Flores sought treatment for heart disease by personnel of the VAMC in Albuquerque, New Mexico.

8.   In October of 2009, surgery was performed at the VAMC for Mr. Flores, which did repair his heart.  During the course of the operation his blood supply was allowed to be inadequate, causing a loss of oxygen to the brain for some 20 minutes, resulting in vascular dementia.

9.   After the operation, Plaintiffs were assured by the medical staff of the VAMC that some cognitive issues would subside in a month or two.

- 3 -

10.  The cognitive issues with Mr. Flores did not decrease, but increased until Plaintiffs had an MRI performed in May of 2010 which revealed the vascular dementia, acknowledged by the VA as of October 2010.

11.  Following the October 2009 operation, Mr. Flores has had continued loss of cognitive ability, resulting in pain and suffering, loss of enjoyment of life, costly financial mistakes, loss of his abilities to do normal mental and physical tasks, and general loss of health.

12.  Mrs. Flores has experienced anxiety, care and concern, and the loss of consortium as a direct result of this vascular dementia.

13.  The Plaintiffs have requested treatment records over the past three years from the VA, and requested that certain records be provided, specifically detailed nurses and anesthesiologist records and the "sentinel event" report generated by the VA following the surgery.

- 4 -

14.   The VA has failed to provide accurate information about the state of Mr. Flores' condition following the October 2009 surgery, and failed to provide complete and accurate information from medical records available to the VA, despite numerous and specific requests, and has failed to provide appropriate and accurate responses to several FOIA requests since 2010.

15.   Mr. Flores was treated in October 2009 at the VAMC by Dr. Stuart B. Pett, and other medical personnel employed by and agents of Defendant, acting within the course and scope of that employment and agency.

16.   Defendant failed to exercise ordinary care and negligently or erroneously failed to supply sufficient blood during the course of the October 2009 surgery, directly resulting in ongoing and degenerating dementia.

17.   Following timely requests for information by Plaintiffs, Dr. Pett and other personnel of the VAMC covered up and misled Plaintiffs concerning the scope and cause of Mr. Flores' injuries.

18.  The VA has engaged in fraudulent concealment of the cause and scope of Mr. Flores' injuries, both after the incident and subsequent to several FOIA requests for reports.

19.  In treating and caring for Mr. Flores, Defendant, through its doctors and medical personnel, failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well qualified doctors and other health care providers of the same field of medicine or practice as that of Defendant practicing under similar circumstances.

20.  Defendant is liable for the acts and omissions of its employees and agents who were acting within the scope or course of their employment/agency.

21.  The VA's letters responding to Plaintiffs' requests which highlighted the diagnosis of vascular dementia following the October 2009 surgery by a year, grant a Right to Sue and acknowledge exhaustion of Plaintiffs' administrative remedies.

- 6 -

22.  The various letters from Defendant regarding the several FOIA requests do not pose any statutory objection and do not claim any exemption under the statute.

23.  As a proximate result of the negligent, careless, erroneous and unlawful privation of care and disclosure due from Defendant to Plaintiffs, the Plaintiffs have suffered severe injury, causing Plaintiffs great physical, mental and financial pain and suffering.

24.  As a further proximate result of the negligent, careless, erroneous and fraudulent acts of Defendant, Plaintiffs have incurred medical, legal and incidental expenses and will incur further medical, legal and incidental expenses for the repair of their credit and their standing in this community.

25.  As a result of the injuries to Mr. Flores, damages have occurred including but not limited to: economic lost earning capacity and a loss of household services; pain and suffering for both Plaintiffs; the value of loss of parental guidance and loss of consortium; and aggravation attending the concealment of the wrongful acts.

- 7 -

<u>PRAYER FOR RELIEF/DAMAGES</u>

WHEREFORE, Plaintiffs seek relief as follows:

Plaintiffs pray for Judgment against Defendant declaring its actions to be negligent, careless, erroneous and fraudulent.

Plaintiffs pray for payment by Defendant in the amount of $2,000,000.00, together with interest, costs and such other relief as the Court deems just.

Further, Plaintiffs pray for relief in the form of compensation for fraudulent concealment in the amount of $1,000,000.00, and for attorneys' fees and for such other and further relief as the Court deems reasonable.

ELECTRONICALLY FILED:

/s/ William A. L'Esperance

_____
/s/ William A. L'Esperance
Counsellor at Law
P.O. Box 90668
Albuquerque, N.M. 87199-0668
(505) 266-8482
bclesperance@wwdb.org

- 8 -

VERIFICATION

STATE OF NEW MEXICO      )
                         )      ss:
COUNTY OF BERNALILLO     )


My name is Violet Flores, and I am a Plaintiff in the above captioned Complaint.

I have read the above Complaint and hereby declare that all the allegations thereof are true to the best of my knowledge and belief, and I acknowledge, affirm and verify all those matters of which I have personal knowledge.

Further affiant sayeth not.

/s/ Violet L. Flores
_____
VIOLET FLORES
Plaintiff

SUBSCRIBED, ACKNOWLEDGED, VERIFIED AND SWORN TO before me by Violet Flores, a person known to me, this 25th day of July, 2014.

Carol A. Baker
_____
NOTARY PUBLIC

My commission expires:
9/16/17                    SEAL.
_____

- 9 -